IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-40-BO
No. 7:16-CV-111-BO

| | | |
|---|---|---|
| MICHAEL LEE GREEN, JR., | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On August 16, 2001, petitioner was sentenced in the United States District Court for the Middle District of North Carolina to a term of 180 months' imprisonment following his plea of guilty to a charge of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924. [DE 1-3]. Petitioner was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e).

After serving his sentence, petitioner was released to a term of supervised release. On May 23, 2014, jurisdiction over petitioner's supervised release was transferred to this district. [DE 1]. After conducting a hearing on June 30, 2016, the Court granted a motion by the United States Probation Office to revoke petitioner's supervised release. [DE 14]. Petitioner was sentenced to a term of imprisonment of twelve months. *Id.*

On May 23, 2016, petitioner filed the instant motion, arguing that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), his underlying sentence was in violation of the law and seeking termination of his revocation sentence. The government moved to stay petitioner's case, erroneously representing that petitioner consented to the motion, and the motion to stay was granted. [DE 20]. On January 18, 2017, having recognized its error in entering the stay, the Court lifted the stay and directed the government to respond to the § 2255

motion. [DE 28]. Prior to the government responding, counsel appeared for petitioner pursuant to Standing Order 15-SO-02, and filed a memorandum in support of the § 2255 motion. [DE 30]. In it, petitioner argues, and the government agrees, that in light of *Simmons* and *Johnson v. United States*, 135 S. Ct. 2551 (2015), petitioner no longer has the requisite prior felonies to be subject to the sentencing enhancement provided by the Armed Career Criminal Act, that petitioner's maximum sentence on his underlying conviction should be ten years, and that, in light of the fact that petitioner has already served more than thirteen years in custody, his revocation sentence should be vacated and he should be sentenced to time-served. As noted, the government does not oppose this request and, finding no basis upon which to deny it, the Court GRANTS petitioner's § 2255 motion.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is GRANTED. Petitioner's revocation sentence is hereby VACATED. The clerk is DIRECTED to set this matter for resentencing at the next available term. All other pending motions are DENIED AS MOOT.


SO ORDERED, this _6_ day of February, 2017.

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE